# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 21, 2011

No. 10-50623
Summary Calendar

Lyle W. Cayce
Clerk

FREDERICK C. FERMIN,

Plaintiff-Appellant

v.

FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A Subsidiary
of One West Federal Savings Bank & Financial Freedom Acquisition, LLC,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-958

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Frederick C. Fermin appeals the district court's grant of the defendant's motion for summary judgment on Fermin's complaint that alleged, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., as well as various federal and state law claims, in connection with a home equity conversion loan (a/k/a reverse mortgage) obtained by Fermin in 2005.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo a grant of summary judgment, applying the same legal standards as the district court. *Cuadra v. Houston Indep. School Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). Under the version of the Federal Rules of Civil Procedure in effect when the district court entered judgment, summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).

Fermin enumerates twelve issues for appeal that are summarized as follows: (1) The loan agreement terminated when Financial Freedom failed to notify him that its parent company had been ordered into conservatorship status; (2) a judge had determined in a prior lawsuit that Fermin was not abusing the legal system; (3) the district court lacked personal jurisdiction because Financial Freedom's name was stated incorrectly in the caption of the case; (4) Financial Freedom's pleadings were void because they contained the incorrect caption; (5) Financial Freedom's assignment of the deed of trust on March 28, 2005, was illegal; (6) Financial Freedom committed mail fraud by mailing statements for illegal monthly charges; (7) Financial Freedom failed to notify him of its assignment of the deed of trust in November 2009; (8) the loan origination fees and finance charges were illegal; (9) his fourth and sixth claims in his second amended complaint show a forfeiture of the loan; (10) his bipolar disorder was an affirmative defense to his "bad conduct"; (11) he should have been allowed to change his deposition; and (12) the loan agreement was governed by state and federal laws. He also makes several unenumerated assertions, including that (a) the district court overruled his objection regarding the liability of assignees; (b) the order that he pay the defendant's attorneys' fees was not authorized under Texas law; (c) Financial Freedom failed to comply with 12 C.F.R. § 226.33(a); (d) Financial Freedom's collection of finance charges after it was placed under conservatorship was illegal; (e) he is entitled to a default

No. 10-50623

judgment under Texas precedent; and (f) he is entitled to a default judgment because the magistrate judge misled him regarding several subsections of 12 U.S.C. § 2605.

Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). An appellant's argument must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and must contain "for each issue, a concise statement of the applicable standard of review." FED. R. APP. P. 28(a)(9)(A), (B). Although Fermin cites to the record and to statutes, he fails to explain how these entitled him to relief on his claims. Fermin has not adequately briefed any of his issues. Issues not adequately briefed are deemed abandoned. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the judgment of the district court is AFFIRMED.

Fermin's motion is DENIED in part to the extent it seeks to strike the appellee's brief and is GRANTED in part to the extent it seeks to correct Fermin's reply brief.